UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ROBERT HACK, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| vs. | )   Civil Action |
| | )   Case No.: |
| | ) |
| LOWE'S HOME CENTERS, INC. | ) |
| | ) |
|     Defendants | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, by and through his attorney and respectfully demands trial by jury to all of his claims and causes so triable.

**JURISDICTION AND VENUE**

1. Jurisdiction is invoked pursuant to Tile 28, United States Code, Section 1331 insofar as Plaintiff's causes of action raise federal questions under the Constitution, laws, treaties or statutes of the United States.

2. Venue is proper within this District pursuant to Tile 28, United States Code, Section 1391(a), insofar as a substantial part of the events or omissions giving rise to the claims asserted occurred within the District of Maine. The harm sustained by Plaintiff occurred in the District of Maine. Pursuant to Rule 3(b) of the Rules of this Court, this action is properly filed in Portland because a substantial part of the events giving rise to the claims asserted occurred in Androscoggin County.

## PARTIES

3. Plaintiff Robert Hack is an individual residing in the Town of Greene, County of Androscoggin, State of Maine.

4. Defendant Lowe's Home Centers, Inc. (hereinafter "Lowe's"), is a North Carolina corporation conducting business in the State of Maine.

## FACTUAL ALLEGATIONS

5. From approximately April 1, 2012 through May 1, 2012, Plaintiff was employed by Defendant at its location in Auburn, Maine, as a Customer Service Associate, Level 3.

6. Defendant owns and operates a large national chain of retail stores that sell home improvement products.

7. In May of 2012, Plaintiff voluntarily resigned from his position with Lowe's due to complications from cancer.

8. At the time of his resignation, Plaintiff had made Lowe's fully aware of the reason for his resignation being based on his disability.

9. After his complications subsided and he was cleared to work without restrictions, Plaintiff began re-applying for jobs with Lowe's at both its Auburn and Augusta stores.

10. Plaintiff was 65 years old at the time he began re-applying.

11. Also, at the time of Plaintiff's application attempts, Lowe's on-line application required an applicant to record the dates of graduation from educational institutions.

12. Over the course of several months and years, Plaintiff applied for numerous jobs with the Auburn and Augusta stores for jobs with similar or less qualifications than his prior position with Lowe's.

13. Despite his being over qualified for each position, Lowe's refused to hire Plaintiff for any of the positions he applied for.

14. In multiple applications with Lowe's, Plaintiff explained that he had previously left employment with Lowe's due to his medical condition.

15. Upon information and belief that Lowe's had also hired significantly younger employees than Plaintiff and who were far less qualified for the positions Plaintiff sought.

## COUNT I--AMERICANS WITH DISABILITIES ACT

16. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 – 15 above as if set forth fully herein.

17. Plaintiff is a qualified individual with a disability.

18. Plaintiff applied for and met the minimum objective qualifications for the jobs he applied for with Defendant.

19. Defendant rejected Plaintiff for these jobs despite his qualifications on the basis of his disability.

20. Any reasons provided by Defendant for not hiring Plaintiff are pretextual.

21. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, he has sustained significant damages, including, but not limited to, emotional distress, loss of enjoyment of life and lost wages.

22. Plaintiff has also suffered and continues to suffer from irreparable injury by Defendant's actions.

### COUNT II-AGE DISCRIMINATION IN EMPLOYMENT ACT

23. Plaintiff repeats and realleges each of the allegations as set forth in paragraphs 1 – 22 above as if set forth fully herein.

24. Plaintiff applied for and met the minimum objective qualifications for the jobs he applied for with Defendant.

25. Defendant rejected Plaintiff for these jobs based on his age.

26. Upon information and belief that the individuals hired by Lowe's instead of Plaintiff were less qualified and significantly younger than Plaintiff.

27. Any reasons provided by Defendant for not hiring Plaintiff are pretextual or irrelevant.

28. Plaintiff would not have been rejected for these employment positions with Lowe's but for his age.

29. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, he has sustained significant damages, including, but not limited to, emotional distress, loss of enjoyment of life and lost wages.

30. Plaintiff has also suffered and continues to suffer from irreparable injury by Defendant's actions.

### COUNT III--MAINE HUMAN RIGHTS ACT
### DISABILITY DISCRIMINATION

31. Plaintiff repeats and realleges each of the allegations as set forth in paragraphs 1 – 30 above as if set forth fully herein.

32. Plaintiff is a qualified individual with a disability.

33. Plaintiff applied for and met the minimum objective qualifications for the jobs he applied for with Defendant.

34. Defendant rejected Plaintiff for these jobs despite his qualifications on the basis of his disability.

35. Any reasons provided by Defendant for not hiring Plaintiff are pretextual.

36. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, he has sustained significant damages, including, but not limited to, emotional distress, loss of enjoyment of life and lost wages.

37. Plaintiff has also suffered and continues to suffer from irreparable injury by Defendant's actions.

## COUNT IV--MAINE HUMAN RIGHTS ACT
## AGE DISCRIMINATION

38. Plaintiff repeats and realleges each of the allegations as set forth in paragraphs 1 – 37 above as if set forth fully herein.

39. Plaintiff applied for and met the minimum objective qualifications for the jobs he applied for with Defendant.

40. Defendant rejected Plaintiff for these jobs based on his age.

41. Upon information and belief that the individuals hired by Lowe's instead of Plaintiff were less qualified and significantly younger than Plaintiff.

42. Any reasons provided by Defendant for not hiring Plaintiff are pretextual or irrelevant.

43. Plaintiff would not have been rejected for these employment positions with Lowe's but for his age.

44. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, he has sustained significant damages, including, but not limited to, emotional distress, loss of enjoyment of life and lost wages.

45. Plaintiff has also suffered and continues to suffer from irreparable injury by Defendant's actions.

## COUNT V--MAINE HUMAN RIGHTS ACT
## UNLAWFUL INQUIRY OF PROTECTED CLASS

46. Plaintiff repeats and realleges each of the allegations as set forth in paragraphs 1 – 45 above as if set forth fully herein.

47. Plaintiff's age makes him a member of a protected class.

48. Defendant's employment applications unlawfully elicit information directly or indirectly pertaining to a protected class, namely age.

49. Defendant discriminated against Plaintiff on the basis of his age, by subjecting him to an unlawful pre-employment inquiry.

50. As the direct and proximate result of Defendant's intentional discrimination of Plaintiff, he has sustained significant damages, including, but not limited to, emotional distress, loss of enjoyment of life and lost wages.

51. Plaintiff has also suffered and continues to suffer from irreparable injury by Defendant's actions.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

    a. Declare that Defendant has wrongfully discriminated against Plaintiff;

    b. Order Defendant to cease any further discrimination against Plaintiff;

    c. Issue a permanent injunction prohibiting Defendant from discriminating in any manner against Plaintiff and any individual in violation of the Americans with Disabilities Act, the Age Discrimination in Employment Act, and the Maine Human Rights Act;

    d. Award Plaintiff compensatory damages to be determined at trial;

    e. Award Plaintiff punitive damages to be determined at trial;

    f. Award Plaintiff pre-judgment interest;

    g. Award Plaintiff attorney's fees and costs;

    h. Award Plaintiff such further relief as it deems just and proper.

Date: December 9, 2015        /s/ Verne E. Paradie, Jr.
                                      VERNE E. PARADIE, JR, ESQUIRE
                                      Attorney for the Plaintiff
                                      Bar No: 8929
                                      11 Lisbon Street, Suite 202
                                      Lewiston, ME 04240
                                      207-344-9362